UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS DEWAYNE BYRD JR.,<br>Plaintiff,<br>v.<br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br>Defendant. | No. 2:26-cv-02144-DC-CSK<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMAND<br><br>(Doc. No. 15) |

This matter is before the court on Plaintiff's motion for leave to file a first amended complaint and remand this case to the Placer County Superior Court. (Doc. No. 15-1.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 18.) For the reasons explained below, the court will grant Plaintiff's motion for leave to amend the complaint and grant Plaintiff's motion to remand.

**BACKGROUND**

Plaintiff Marcus Dewayne Byrd, Jr., alleges that on or around March 14, 2024, he purchased a 2024 Land Rover Range Rover Sport (the "Subject Vehicle"). (Doc. No. 1-2 at 5.) Plaintiff alleges that after he took possession of the Subject Vehicle, it exhibited defects to its body, suspension, engine, and connectivity, electrical, braking and exhaust systems, which render the vehicle non-conforming with Defendant's express and implied warranties. (*Id.* at 6.) Plaintiff

delivered the Subject Vehicle to Defendant for repair or replacement, but Defendant allegedly failed to conform the Subject Vehicle to Defendant's express or implied warranties or to otherwise comply with its obligations under California law. (*Id.* at 6–12.)

Plaintiff alleges five causes of action against Defendant, relating to Defendant's alleged violations of California's Song-Beverly Consumer Warranty Act. (*Id.* at 8–12.)

On May 1, 2026, Plaintiff filed the complaint initiating this action in the Placer County Superior Court against Defendant Jaguar Land Rover North America, LLC. (*Id.* at 5–6.) On June 10, 2026, Defendant answered Plaintiff's complaint in the superior court.[1,2] (Doc. No. 1–3.)

On June 12, 2026, Defendant filed a notice of removal removing the case to this court on the basis of diversity jurisdiction. (Doc. No. 1.)

Plaintiff filed the pending motion for leave to amend and to remand on July 6, 2026. (Doc. No. 15-1.) In Plaintiff's motion, Plaintiff requests the court allow him to file a first amended complaint to join two new defendants—Jaguar Land Rover San Francisco ("JLR SF") and Cole European—California vehicle repair centers against whom Plaintiff alleges new causes of action for "negligent diagnosis and/or repair." (*Id.* at 6.)

On July 20, 2026, Defendant filed an opposition to the pending motion. (Doc. No. 17.) Plaintiff filed a reply thereto on July 31, 2026. (Doc. No. 19.)

## LEGAL STANDARD

### A. Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).

[1] The court notes that Defendant has not yet provided the court with a conformed copy of the answer Defendant filed in Placer County Superior Court.

[2] In Plaintiff's motion, Plaintiff appears to have stated in error that Defendant filed his answer in the superior court on June 1, 2026. (Doc. No. 15-1 at 7.) For purposes of calculating the relevant dates in this case, the court refers to the signature block in Defendant's provided answer to the court, which is dated June 10, 2026. (Doc. No. 1-3 at 11.) Thus, the court will consider the filing date of Defendant's answer in the superior court to be June 10, 2026.

Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 4, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

**B. Fraudulent Joinder**

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare,* 889 F.3d at 548 (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). There are two ways to show fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal citations omitted). If there is a "possibility that a state court would find that the complaint states a cause of action

against any of the [non-diverse] defendants," the court must find that a defendant was properly joined and remand the case to state court. *Grancare*, 889 F.3d at 549 (citing *Hunter*, 582 F.3d at 1046).

The party opposing remand bears a "heavy burden" of proving fraudulent joinder, and there is a presumption against fraudulent joinder. *Hunter*, 582 F.3d at 1044. "Fraudulent joinder must be proven by clear and convincing evidence," and courts must resolve all disputed questions of fact in favor of the plaintiff. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Further, "[r]emand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency." *Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *2 (E.D. Cal. Dec. 8, 2020) (citing *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

**C. Joinder of a Non-Diverse Defendant After Removal**

Ordinarily, pursuant to Rule 15, a party may amend a pleading once as a matter of course within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Pursuant to the removal statutes, however, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

While some district courts in the Ninth Circuit differ as to whether an amendment of claims that destroys diversity should be analyzed under 28 U.S.C. § 1447(e) or the more permissive Rule 15(a), a clear majority of courts look to 28 U.S.C. § 1447(e). *See Sabag v. FCA US LLC*, No. 16-cv-6639-CAS, 2016 WL 6581154, at *3 (C.D. Cal. Nov. 7, 2016) ("Having considered [] conflicting authorities, the Court adopts the approach of the line of cases applying Section 1447(e) to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a)"); *Reyes*, 2020 WL 7224286, at *3, n.1 ("This court joins the majority of district courts in the Ninth Circuit in choosing to 'analyze joinder or amendment of claims to add a non-diverse defendant under § 1447(e) as opposed to Rule 15(a)(1)'s amendment as-of-right standard.'") (quoting *Martinez v. FCA US LLC*, No. 2:19-cv-08097-SVW-E, 2020 WL 223608, at *2 (C.D. Cal. Jan. 15, 2020)); *Viveros v. Ford Motor Co.*, No. 21-cv-527-TWR-BGS, 2021 WL 5989365,

at *3 (S.D. Cal. July 28, 2021) (same). This court joins the majority of district courts in the Ninth Circuit and will likewise "scrutinize[] the plaintiff's purposes for amendment under section 1447(e)." *Velasco v. Ford Motor Co.*, No. 22-cv-366-MMA-DEB, 2022 WL 2287258, at *2 (S.D. Cal. June 24, 2022).

Under 28 U.S.C. section 1447(e), district courts have discretion to decide whether to allow joinder of a "diversity destroying defendant." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Courts consider the following factors when determining whether to allow joinder of a non-diverse defendant after removal:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Reyes*, 2020 WL 7224286, at *3 (quoting *Sabag*, 2016 WL 6581154, at *4 (citation omitted)). No single factor is a precondition for allowing joinder, however, one factor may prove to be decisive. *Sabag*, 2016 WL 6581154, at *4 (internal citations omitted).

## ANALYSIS

Plaintiff first seeks leave to amend the complaint to join service repair centers JLR SF and Cole European as defendants in this action. (Doc. No. 15-1.) If this court grants leave to amend, Plaintiff avers that remand of this action to the Placer County Superior Court is necessary, on the grounds that joinder of JLR SF and Cole European destroys diversity of citizenship between the parties, such that this court will not have subject matter jurisdiction over this action. (*Id.* at 18–19.)

### A. Motion for Leave to Amend

To determine whether it is proper to grant Plaintiff leave to amend his complaint to join JLR SF and Cole European as defendants, the court will address the factors that courts consider when determining whether to allow joinder of a non-diverse defendant after removal. For the reasons explained below, the court finds that on balance, consideration of those factors weigh in

favor of granting Plaintiff leave to amend his complaint.

1. <u>Joinder Under Rule 19(a)</u>

The standard for whether to permit joinder under Rule 19(a) is more restrictive than the standard proscribed by section 1447(e). *Eguilos v. Volkswagen Grp. of Am., Inc.*, No. 2:22-cv-00614-KJM-KJN, 2022 WL 2713273, at *2 (E.D. Cal. July 13, 2022) (citing *Reyes*, 2020 WL 7224286, at *4). Joinder of a party may be necessary under Rule 19(a) when: (1) "in his absence, the court cannot accord complete relief among existing parties;" (2) "he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest;" and (3) resolution of the action in their absence "may leave an existing party subject to inconsistent obligations because of that interest." Fed. R. Civ. P. 19(a)(1)(A)–(B)(ii). In contrast, the standard under section 1447(e) is met when "joinder will prevent separate and redundant actions." *Eguilos*, 2022 WL 2713273, at *2 (citing *Taylor v. Honeywell Corp.*, No. 4:09-cv-04947-SBA, 2010 WL 1881459, at *2 (N.D. Cal. May 10, 2010)).

Here, Defendant argues that Plaintiff could obtain complete relief against Defendant alone because adding JLR SF and Cole European does not "bolster Plaintiff's claims or provide additional avenues of recovery," including because Plaintiff's proposed first amended complaint does not allege additional facts specific to JLR SF and Cole European. (Doc. No. 17 at 6–7.) Plaintiff counters that the claims in the proposed first amended complaint concern the same defects and failures to repair or replace the Subject Vehicle, so resolution of those claims will require duplicative discovery if JLR SF and Cole European are not joined in this action. (Doc. No. 15-1 at 11–13.)

The court finds Plaintiff's position availing and agrees that declining to allow JLR SF and Cole European to be added to this action would result in duplicative litigation regarding the Subject Vehicle and "will require many of the same documents and witnesses and will implicate many of the same factual and legal issues." *Avellanet v. FCA US LLC*, No. 19-cv-7621-JFW-KSX, 2019 WL 5448199, at *1 (C.D. Cal. Oct. 24, 2019); *see also Reyes*, 2020 WL 7224286, at *5 (finding car dealership a necessary party where claim against existing defendant manufacturer involved the same vehicle and alleged failures to repair the vehicle); *Malijen v. Ford Motor Co.*,

No. 20-cv-1217-JGB-KKX, 2020 WL 5934298, at *2 (C.D. Cal. Aug. 20, 2020) (finding that failure to join proposed defendant would result in redundant actions because plaintiff's claims for relief against proposed and existing defendants concerned the same allegedly defective vehicle). Further, "regardless of who Plaintiff could ultimately recover from," Plaintiff alleges "independent cause[s] of action" against JLR SF and Cole European that would result in redundancy if Plaintiff was forced to litigate those claims apart from his claims against Defendant. *See Malijen*, 2020 WL 5934298, at *2 n.1 (citation omitted).

Thus, this factor weighs in favor of permitting the joinder of JLR SF and Cole European as defendants in this action.

2. <u>Timeliness of Joinder</u>

Courts consider whether the amendment to add a non-diverse party was completed in a timely manner. *Reyes*, 2020 WL 7224286, at *5; *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). Courts also consider the procedural stage of the case and the length of time between the original complaint and the amended complaint. *Reyes*, 2020 WL 7224286, at *5. However, the court may also deny joinder when the non-diverse defendant's identity was readily determinable and could have been named in the original complaint. *Crippen v. Int'l Paper Co.*, No. 2:23-cv-01107-DAD-CKD, 2024 WL 1181367, at *5 (E.D. Cal. Mar. 19, 2024) (plaintiff's failure to explain delay in naming non-diverse defendant despite knowing his identity prior to filing the first complaint weighed against joinder).

Here, Plaintiff did not unreasonably delay in filing the motion for leave to file a first amended complaint, which he filed within three months (66 days) of the filing of his original complaint and less than a month (26 days) after service of Defendant's answer and notice of removal. *See Eguilos*, 2022 WL 2713273, at *3 (motion to amend filed three months after initial complaint and one month after removal favors allowing amendment); *Reyes*, 2020 WL 7224286, at *6 (motion to amend filed within three months of original complaint and one month after notice of removal not unreasonable); *Lara v. Bandit Indus., Inc.*, No. 2:12-cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013) (motion to amend filed five months after initial complaint and three months after removal is not unreasonable); *Clinco*, 41 F. Supp. 2d at

1083 (six-week delay between complaint and attempted amendment not unreasonable). Plaintiff declines to explain why he did not include JLR SF and Cole European as defendants in the operative complaint but rather argues that his choice to omit JLR SF and Cole European from the complaint does not preclude him from seeking to amend his complaint to now state claims against them. (Doc. No. 15-1 at 14.) Defendant counters that Plaintiff's delay in pursuing amendment is unreasonable because Plaintiff knew of JLR SF and Cole European's identities at the time he filed the operative complaint. As noted, Plaintiff does not provide an explanation for his delay in seeking to join JLR SF and Cole European as defendants to this action. *See Crippen*, 2024 WL 1181367, at *5 (finding plaintiff's failure to provide reasonable justification for her delay in seeking to join defendant despite knowing of his identity from the outset weighed against allowing joinder); *Maldonado v. City of Oakland*, 01-cv-01970-MEJ, 2002 WL 826801, at *6 (N.D. Cal. Apr. 29, 2002) (denying motion to amend where plaintiffs failed to explain their delay in joining parties whose identities they knew of eight months prior to filing the complaint).

The court finds that the minimal delay in seeking leave to amend the complaint weighs in favor of permitting joinder, but Plaintiff's lack of explanation regarding the reason for his delay in seeking to join JLR SF and Cole European weighs against permitting leave to amend. Therefore, consideration of this factor is neutral.

3. <u>Whether Joinder is Intended to Solely Defeat Jurisdiction</u>

A plaintiff's motive in seeking to join a non-diverse party after removal is a pertinent consideration in a district court's decision to permit or deny joinder. *Viveros*, 2021 WL 5989365, at *6. However, the court is not required to automatically impute an improper motive to plaintiffs seeking to join defendants that would destroy diversity because section 1447(e) gives courts greater discretion in dealing with this type of scenario. *IBC Aviation Servs., Inc. v. Campania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000) (citing *Trotman v. United Parcel Serv.*, No. 96-cv-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996) ("The legislative history to § 1447(e) [] suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.")). Indeed, courts have allowed joinder in the post-removal context when the

plaintiff's claim is facially valid, even when the circumstances otherwise suggest a motive to destroy diversity jurisdiction. See *Reyes*, 2020 WL 7224286, at *7 (allowing joinder despite substantial similarities between initial complaint and proposed amended complaint where plaintiff alleged a facially valid claim against proposed defendant); *Lara*, 2013 WL 1155523, at *4 (allowing joinder and declining to find improper motive even though plaintiff sought to add a non-diverse defendant after removal).

The fourth factor regarding a plaintiff's motive and the fifth factor regarding the facial validity of the plaintiff's claim against a non-diverse defendant are "intertwined" in the section 1447(e) analysis. *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014). The "strength of the claims against the proposed new [d]efendants bears directly on whether joinder is sought solely to divest" the court of diversity jurisdiction. *Id.*

Here, Defendant suggests Plaintiff's motion for leave to amend the complaint after Defendant removed this action to federal court suggests the only purpose of the proposed amendment is to destroy diversity jurisdiction. (Doc. No. 17 at 8–10.) Plaintiff argues in reply that Defendant has not carried its "heavy burden" to defeat the presumption against fraudulent joinder because Defendant: (1) has not shown that Plaintiff cannot amend to cure deficiencies in his complaint; (2) has not shown that Plaintiff's negligent repair claims are not facially valid; and (3) "invited inquiry into the dealerships' conduct" by raising negligence defenses in its answer. (Doc. No. 19 at 13–14.)

Based on the timing of Plaintiff's motion for leave to amend and the similarity of the proposed first amended complaint with the original complaint, it appears that Plaintiff was motivated, at least in part, by a desire to destroy diversity. *See Sabag*, 2016 WL 6581154, at *5 (noting that some courts infer improper motive where the proposed amended complaint is substantially similar to the original complaint). However, the court "does not construe Plaintiff's preference for state court any more negatively than Defendant's preference for federal court." *Lara*, 2013 WL 1155523, at *4 (citing *Taylor*, 2010 WL 1881459, at *3). Despite the similarities between the original complaint and Plaintiff's proposed first amended complaint, the court finds that Plaintiff's request to amend to join JLR SF and Cole European is not for the sole purpose of

destroying diversity, especially because in considering the fifth factor below, the court concludes that Plaintiff's negligent repair claims against JLR SF and Cole European are "facially legitimate." *See McGrath*, 298 F.R.D. at 608; *Sabag*, 2016 WL 6581154, at *6 (finding plaintiff's motive in amending complaint not solely for the purpose of destroying diversity where the claim against new defendant was facially legitimate).

Therefore, on balance, this factor weighs slightly in favor of granting leave for Plaintiff to amend the complaint to join JLR SF and Cole European as defendants in this action.

4. <u>Validity of Plaintiff's Claim against Non-Diverse Defendant</u>

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e)." *Sabag*, 2016 WL 6581154, at *6 (quoting *Taylor*, 2010 WL 1881459, at *3). The court needs only to decide if the claim seems to be valid and not whether the claim could "be defeated by a motion to dismiss" or whether "[p]laintiff cannot prevail on the merits." *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 2:14-cv-01994-JAM-KJN, 2015 WL 2006183, *3 (E.D. Cal. 2015) (rejecting the notion that the standard under section 1447(e) is the same as the standard under a motion to dismiss or a motion for summary judgment). A claim does not have to be alleged with particularity or plausibility, rather, it only needs to "seem" valid to meet the standard set forth by § 1447(e). *Id.*; *Dordoni v. FCA US LLC*, No. 20-cv-1475-JGB-SHK, 2020 WL 6082132, at *5 (C.D. Cal. Oct. 15, 2020). Further, in determining whether a plaintiff's claim appears valid, the "question is whether California law obviously forecloses a plaintiff's claim." *Millican v. Ford Motor Co.*, No. 19-cv-05348-WHA, 2019 WL 7020214, at *2 (N.D. Cal. Dec. 20, 2019) (joinder of defendant was proper even though plaintiffs' claims may not have survived a motion to dismiss or prevailed on the merits).

In its opposition, Defendant argues that Plaintiff's negligence claims against JLR SF and Cole European are not valid because the proposed first amended complaint does not "set forth any specific facts or argument as to how or what [JLR SF and Cole European] may have done 'negligently' in servicing the Subject Vehicle." (Doc. No. 17 at 10.) Plaintiff counters that his negligent repair claims against JLR SF and Cole European are valid and are not precluded by California law. (Doc. No. 19 at 12–13.) Plaintiff contends that Defendant mischaracterizes his

argument and clarifies that his negligence claims relate to JLR SF's and Cole European's alleged failure to use "ordinary care" to diagnose and repair the Subject Vehicle. (*Id.*)

The court finds that California law does not preclude Plaintiff's claim. *Garcia v. Ford Motor Co.*, No. 2:24-cv-00563-KJM-SCR, 2025 WL 314072, at *4 (E.D. Cal. Jan. 28, 2025) ("[i]t is possible a state court could find a negligent repair claim viable under these circumstances") (citing to *Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 840–41 (C.D. Cal. 2019) ("[o]ne who undertakes repairs has a duty arising in tort to do them without negligence") (internal citations omitted)). Contrary to Defendant's argument, at this stage, the court need only determine whether Plaintiff's claim "seems valid." *See Dordoni*, 2020 WL 6082132, at *5. As noted, Plaintiff's proposed amended complaint specifically alleges that (1) JLR SF and Cole European owed a "duty to Plaintiff to use ordinary care and skill in the storage, preparation, diagnosis and/or repair" of the Subject Vehicle; (2) that JLR SF and Cole European breached its duty to Plaintiff; and (3) that Plaintiff sustained damages as a proximate cause of JLR SF and Cole European's breach. (Doc. Nos. 15-13; 15-14.) Additionally, to support his allegations, Plaintiff attaches to his motion the repair histories for the Subject Vehicle from both JLR SF and Cole European, which do indeed show numerous instances in which the Subject Vehicle was brought in for diagnosis and repair. (Doc. Nos. 15-7; 15-8.)

On balance, the court finds that it is possible that the state court could find Plaintiff's proposed negligent repair claims viable. Thus, this factor weighs in favor of granting Plaintiff leave to amend the complaint.

5. Whether the Statute of Limitations Would Preclude a New Action in State Court

"When a claim is timely filed in state court and then removed, a finding that the statute of limitations would preclude the filing of a new, separate action against a party whose joinder has been denied in the federal proceeding, may warrant remand." *Dordoni*, 2020 WL 6082132, at *4 (citation omitted). "Under California law, the statute of limitations for a negligent repair claim is three years." *Flores v. Nissan N. Am.*, 2:21-cv-09411-RSWL-PD, 2022 WL 1469424 at *3 (C.D. 2022) (citing Cal. Civ. Proc. Code § 338(c)(1)).

Here, although Plaintiff concedes his proposed claims against JLR SF and Cole European

are not time-barred, as Defendant Jaguar's most recent repair attempt of the Subject Vehicle was on April 17, 2026, and Cole European's most recent repair attempt of the Subject Vehicle was on December 31, 2025, Plaintiff argues that denying joinder would result in duplicative litigation in state and federal court. (Doc. 15-1 at 13.) Defendant does not directly address whether the statute of limitations bars relief for Plaintiff, but as noted above, Defendant generally contends that Plaintiff's request for leave to amend the motion is unjustifiably delayed given Plaintiff knew of JLR SF and Cole European at the time Plaintiff filed his complaint. (Doc. No. 17 at 7–8.)

Accordingly, because Plaintiff's claims against proposed defendants JLR SF and Cole European would not be time-barred if brought in state court, the court finds that this factor weighs against permitting leave to amend.

6. Prejudice to Plaintiff

Lastly, courts consider any prejudice to the plaintiff if he is not allowed to amend his complaint to include additional defendants. If a proposed defendant is "crucial" to the action and complete relief cannot be afforded without the defendant, a plaintiff will be prejudiced by their absence. *Eguilos*, 2022 WL 2713273, at *5 (citing *Reyes*, 2020 WL 7224286, at *10).

Defendant avers that Plaintiff will not be prejudiced by denial of leave to amend, because JLR SF and Cole European are unnecessary parties whose omission from the action would not affect Plaintiff's ability to "obtain complete relief." (Doc. No. 17 at 11.) In reply, Plaintiff counters he will be prejudiced if he cannot amend his complaint to join JLR SF and Cole European as defendants because he will be forced to "litigate overlapping claims in two forums," which Plaintiff argues, in part, may "risk inconsistent results" regarding the fact finding on the Subject Vehicle's repair and diagnoses, and potentially "impair complete relief" by splitting the litigation. (Doc. No. 19 at 14–15.)

District courts in the Ninth Circuit have found prejudice where claims against an existing defendant and a proposed defendant "'arise out of the same factual sentences' such that it is in the economic benefit of all parties and the judicial system to 'have the entire controversy adjudicated only once' and to force the plaintiffs to 'proceed with expensive litigation in state court against the putative defendant would create avoidable prejudice.'" *Burch v. Ford Motor Co.*, 758 F.

Supp. 3d 1092, 1101 (N.D. Cal. 2024) (quoting *Reyes*, 2020 WL 7224286, at *10).

The court agrees that the claims Plaintiff seeks to allege against JLR SF and Cole European and the claims currently brought against Defendant arise out of the same set of alleged facts and concern the Subject Vehicle. Thus, the court agrees with Plaintiff that it is in the economic benefit to all parties and the judicial system to avoid such redundant litigation in state and federal court. *Lara*, 2013 WL 1155523, at *5 (explaining that denying joinder would prejudice plaintiff who would have to choose between proceeding with a separate action in state court or "abandon" a potentially viable claim).

Therefore, consideration of this factor weighs in favor of granting leave for Plaintiff to amend the complaint to add JLR SF and Cole European to this action.

**7.** <u>Balancing of Factors</u>

In sum, the court finds that four out of the six factors under section 1447(e) weigh in favor of remand, while one factor weighs against remand and one factor is neutral. After balancing these factors and considering the strong presumption against removal jurisdiction, this court concludes that joinder of JLR SF and Cole European is proper and will therefore grant leave for plaintiff to amend the complaint to join both parties to this action.

**B. Motion for Remand**

Consequently, there is no longer complete diversity of citizenship because Plaintiff, JLR SF, and Cole European are citizens of California.[3] (Doc. No. 15-1 at 6.) Accordingly, the court no longer has jurisdiction over this action and must grant Plaintiff's motion to remand.

---

[3] As neither party disputes Plaintiff's allegations that Plaintiff, JLR SF, and Cole European are California citizens, diversity of citizenship is not at issue here. However, the court notes that Plaintiff's citizenship is insufficiently alleged in the complaint and the proposed amended first complaint. Plaintiff mentions only that he is a resident of San Francisco County and proposes to revise this in the first amended complaint to allege he is a resident of Oakland County. (Doc. Nos. 1-1 at 5; 15-13 at 3; 15-14 at 3.) Plaintiff's complaint is bereft of information regarding Plaintiff's domicile or citizenship, which is required to establish citizenship. *See Babekian v. Gen. Motors, LLC*, No. 2:25-cv-03412-DAD-JDP, 2026 WL 2824785, at *3 (E.D. Cal. Sept. 21, 2026) (finding a plaintiff's citizenship was insufficiently alleged because the complaint alleged "only [p]laintiff's residency, not his domicile or citizenship"). On remand, Plaintiff will have the opportunity to cure this defect and properly allege he is a citizen of California in Plaintiff's first amended complaint.

## CONCLUSION

For the reasons explained above:

1. Plaintiff's motion for leave to amend (Doc. No. 15) is GRANTED;
2. Plaintiff's motion to remand (Doc. No. 15) is GRANTED;
3. This action is remanded to the Placer County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 26, 2026**

Dena Coggins
United States District Judge